

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JAN 22 2014

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

Phil Perry,

        Plaintiff,

v.

GE Capital Retail Bank,

        Defendant.

Civil Action No.: 5:13-cv-05242-RTD

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

For this First Amended Complaint, the Plaintiff, Phil Perry, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. (the "TCPA").

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District.

## PARTIES

3.    Plaintiff, Phil Perry (hereafter "Plaintiff"), is an adult individual whose residence is in Warwick, Rhode Island, and is a "person" as defined by 47 U.S.C. § 153(10).

4.    Defendant GE Capital Retail Bank ("GE"), is a Ohio business entity with an address of 950 Forrer Boulevard, Kettering, Ohio 45420 and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

5. In or around August 2013, GE began calling Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

6. When answering GE's telephone calls, Plaintiff heard a brief period of silence before being connected to a live representative.

7. On several occasions, Plaintiff stayed on the line to speak with a live representative. During these conversations, Plaintiff requested that GE cease the automated calls to his cellular telephone and only contact him on his residential telephone.

8. Despite Plaintiff's request that all calls cease to his cellular telephone, GE placed up to six (6) more automated calls to Plaintiff's cellular telephone.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. Without express consent, Defendant contacted Plaintiff by means of automated telephone calls on his cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii). As such, each call placed to Plaintiff is a knowing and/or willful violation of the TCPA, and is therefore subject to treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(C).

11. In the alternative, as a result of each negligent call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

14. Arkansas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Arkansas state law.

15. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with calls to her cellular phone.

16. The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

17. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

18. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

19. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants is subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages pursuant to 47 U.S.C. § 227(b)(3)(B); and

3. Intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

4. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 14, 2014

Respectfully submitted,

By /s/

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on January 14, 2014, a true and accurate copy of the foregoing First Amended Complaint was served via E-Mail with confirmation via U.S. Mail on the following counsel for GE Capital Retail Bank, who has agreed to accept service of same on behalf of GE Capital Retail Bank:

Timothy R. Carraher
tcarraher@reedsmith.com
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606-7507

By /s/
Sergei Lemberg, Esq.